1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2
3  MARK L. KROTOSKI (CASBN 138549)
   Chief, Criminal Division

4  C- David Hall
   Assistant U.S. Attorney
5
6  450 Golden Gate Ave (11th Floor)
   San Francisco, CA 94102
   Telephone: (415) 436-7200
7
   Attorneys for the United States
8

**FILED**

MAY 2 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL NO. 3:07 70301  NJV |
| Plaintiff, ) | |
| v. ) | NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| Waquilla Nicole Brown ) | |
| Defendant. ) | |

18  Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal
19  Procedure that on 5-23-07, the above-named defendant was arrested based upon an
20  arrest warrant (copy attached) issued upon an
21  ☐ Indictment
22  ☐ Information
23  ☒ Criminal Complaint
24  ☐ Other (describe) _____
25  pending in the **Eastern** District of **California**, Case Number 1:07 MJ 00123 DLB
26  ///
27  ///
28  ///

1

1 | In that case, the defendant is charged with a violation(s) of Title(s) __18__ United States Code,
2 | Section(s) __287__.
3 | Description of Charges: __False Claim to IRS__.
4 |
5 |                                              Respectfully Submitted,
6 |                                              SCOTT N. SCHOOLS
                                                 UNITED STATES ATTORNEY
7 |
8 | Date: __5-23-07__                            [signature]
9 |                                              Assistant U.S. Attorney

AO 442 (Rev. 10/95) Warrant for Arrest

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

UNITED STATES OF AMERICA

v.

WAQUILLA NICOLE BROWN

**WARRANT FOR ARREST**

1:07mj00123 DLB

YOU ARE HEREBY COMMANDED to arrest WAQUILLA NICOLE BROWN and bring him or her forthwith to the nearest magistrate to answer a(n)

___ Indictment   ___ Information   _xx_ Complaint   ___ Order of court   ___ Violation Notice

charging him or her with (brief description of offenses)

False Claims to an Agency of the United States

In violation of Title 18, United States Code, Section 287

| DENNIS L. BECK | U.S. MAGISTRATE JUDGE |
|---|---|
| Name of Issuing Officer | Title of Issuing Officer |
| [signature] | 5/23/07 @ Fresno, CA |
| Signature of Issuing Officer | Date and Location |
| | Name of Judicial Officer |

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at _____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

FILED

MAY 2 . .

CLERK . . . . . . . . . . RT
EASTERN DIS. . . . . CALIFORNIA
BY_____
              DEPUTY CLERK

UNITED STATES OF AMERICA

v.

WAQUILLA NICOLE BROWN

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

1:07mJ00123D LB

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about February 4, 2006, and January 19, 2007, in the Eastern District of California and elsewhere, the defendant did knowingly submit a false claim to the Internal Revenue Service, an agency of the United States.

in violation of Title 18, United States Code, Section 287 (Two Counts). I further state that I am a(n) and that this complaint is based on the following facts:

_ Continued on the attached sheet and made a part hereof.

_____
Signature of Complainant

Sworn to before me, and subscribed in my presence
23 May 2007                          at  Fresno, CA
_____                 _____
Date                                      City and State

                                          _____
_____                 Signature of Judicial Officer
Name and Title of Judicial Officer

# AFFIDAVIT

I, Paul Miramontes, am a Special Agent with the Internal Revenue Service (IRS), Criminal Investigation Division, being duly sworn depose and state as follows to wit:

1. I am currently assigned to the Modesto post-of-duty. I am a graduate of the Criminal Investigator Training Program and Special Agent Investigative Techniques at the Federal Law Enforcement Training Center in Glynco, Georgia. There I received intense training to conduct criminal investigations and financial analysis. My duties as a Special Agent include the investigation of possible violations of Title 26, Title 31, and Title 18 of the United States Code. In 1991, I received a Bachelor's of Science Degree in Business Administration, majoring in Accounting from the University of Nevada, Reno. In 2001, I received a Master of Science Degree in Information Technology in Education from the same university. I have been an employee of the Internal Revenue Service, Criminal Investigation Division since February 2006 during which time I have conducted criminal investigations and analyzed various financial records. I have been involved in the execution of various financial search warrants involving investigations on money laundering and income tax violations. Prior to my employment with the Internal Revenue Services I was an Agent (investigator) with the State of Nevada Gaming (Gambling) Control Board for over 7 years. I conducted numerous investigations on individuals and businesses applying for a gambling license. My investigations with the Board included personal financial and tax return analysis to verify and/or reveal sources of income. This investigation has been conducted under the supervision of Supervisory Special Agent Jean Noll. Supervisory Special Agent Noll has been a special agent for over 19 years including over a year as a supervisor. Prior to becoming a special agent, Supervisory Special Agent Noll was a Revenue Agent with the IRS for over four years during which time she audited self employed individuals, partnerships and corporations. As a special agent she has conducted numerous investigations involving money laundering and tax fraud violations. Supervisory Special Agent Noll has authored several search warrant affidavits as well as been involved in the preparation

1

and execution of numerous search warrants to obtain evidence of tax fraud, money laundering and other financial crimes involving fraud.

2. I make this affidavit in support of a compliant concerning the offense of False Claims to an Agency of the United States, in violation of Title 18, United States Code, Section 287.

### FACTS SUPPORTING PROBABLE CAUSE

A. <u>The Earned Income Tax Credit (EIC) Tax Subsidy</u>

3. The Earned Income Credit (EIC) is a subsidy for low-income families where the IRS provides a refundable credit to the person earning income. To qualify for the credit, one must work and earn income, which can be either wages earned or income derived from an individual's business. The amount of the credit and the resulting refund varies with the taxpayer's income amount, the number of dependents claimed on the tax return, and the filing status used. As the earned income increases, so does the EIC until it peaks and then diminishes as earned income continues to increase. The following is an example of how EIC amounts are affected for 2006 tax returns claiming a filing status of Single or "Head of Household" with two dependants, with varying income amounts:

| Year | Earned Income Range | Refund Amount for EIC |
|------|---------------------|-----------------------|
| 2006 | $5,000              | $2,010                |
| 2006 | $11,300 - $14,850   | $4,536                |
| 2006 | $20,000             | $3,438                |

Most refund schemes will attempt to claim the EIC refund by reporting income in the range to qualify for the credit. With this scheme, 75% of the returns reported less than $20,000 in wages; however the EIC amounts still remain high, averaging $2,500 per tax return. The large refunds in this scheme are around $7,000, which includes EIC, false withholding amounts and the Child Tax Credit (CTC).

### B. The Child Tax Credit

4. Most families who are eligible for the EIC are also eligible for the CTC. To claim the CTC, you must have at least one "qualifying" child and have income under a certain limit, depending upon your tax filing status (e.g., single, married filing jointly, etc.). The definition of "qualifying child" is similar to the definition used for a qualifying child for the EIC. In this scheme 92.5% of the returns claimed the EIC and 96.3% of the returns claimed at least one dependent child.

5. If eligible, the CTC reduces the federal income tax owed by up to $1,000 for each qualifying child under the age of 17. If the amount of the CTC is greater than the amount of income tax owed, an individual may be eligible to claim some or all of the difference as an "additional" Child Tax Credit. In order to be "refunded" the CTC for the 2006 tax year, a person must have taxable earned income above $11,300 and owe less in taxes than the CTC amount claimed. All but five of the returns in the scheme reported earned income greater than $11,300 and 84.5% of the returns claimed the CTC.

### Background of Fraudulent Scheme

6. In February 2007, The Internal Revenue Service, Criminal Investigation Fraud Detection Center (FDC) detected a fraudulent income tax refund scheme based in Fresno, California and the Bay area. The scheme developed from information provided by an H&R Block employee who stated a Fresno resident was obtaining false Forms W-2 from the Bay Area and bringing them back to Fresno. Two returns which H&R Block believed to be fraudulent were pulled and provided to IRS Special Agent John Broussard. The tax returns were given to the Fraud Detection Center (FDC) in Fresno, California the following day. FDC analyst, Rosemary Ceja was assigned to review the information. Ceja accessed the IRS database and verified both returns were filed with the IRS. In fact, both returns were already flagged by the IRS' Electronic Fraud Detection System (EFDS) as having false Forms W-2. Ceja then looked

3

for other returns that had been filed using the exact wage and withholding amounts stated on the Forms W-2 of the filed returns. The search resulted in additional returns from the Fresno and Bay Areas matching in wage and withholding amounts utilizing different employers. EFDS had already flagged the returns as fraudulent and stopped the payment of refunds on a majority of the returns. From this initial information, Ceja expanded her search to the various employers found in the returns to look for additional returns with similar characteristics, including wage and withholding, employers and occupation. From that point, other wage and withholding amounts were revealed and new employers were discovered as well.

7. The false refund scheme mainly involves the filing of electronically transmitted federal income tax returns by IRS licensed Electronic Return Preparers, mainly H&R Block and Jackson Hewitt Tax Services. All of the returns were electronically sent to the IRS Service Center in Fresno, California for processing. The income for these false returns is based on false Forms W-2, being false generally as to the employer, wages and withholding. The employer and EINs being used on the false Forms W-2 are legitimate; however, the individuals did not work for the employer during the years reported. The individuals filing the false income tax returns are real people, using their own name and Social Security numbers, who are obtaining and attempting to obtain Refund Anticipation Loans (RAL) from a bank, based upon their prescribed tax refund. As detailed below, the investigation has determined that numerous individuals from, in or about the Fresno and Bay areas have submitted false tax returns as described in this paragraph. In addition, these individuals have requested and many times obtained, false and fraudulent tax refunds based on the false returns.

8. The claimants mainly attempted to obtain a RAL or a bank loan check based upon the amount of the refund. The bank providing the loan check (RAL) to the claimant does an initial credit check and if the IRS accepts the electronically filed tax return, the bank issues a loan check (RAL) (less fees and short term interest) usually the same day or the next day. The tax return is

4

"accepted" by the IRS if the filer's name and Social Security Number (SSN) matches on the tax return, the dependant names and SSN match, and the employer name and Employer Identification Number (EIN) matches. There is not a determination by the IRS of the accuracy of the return, the wage amounts, or employer information at this point. When the claimant receives the RAL check within about one day of the tax return being accepted, the bank takes the risk of waiting for the IRS to process the tax return (about 2-4 weeks). After the IRS processes the tax return, the bank receives the tax refund to satisfy the Refund Anticipation loan RAL check.

9. If the individual filing the electronic tax return does not qualify by the bank for the instant tax refund or RAL, the individual is placed into a waiting category, usually for about 2-4 weeks, to then obtain a bank "Refund Anticipation Check" (RAC). The RAC is a bank check, handed to the individual by the tax preparation office, issued by the bank once the bank receives the tax refund amount from the IRS. These checks are generally printed by the tax preparation office. There are processing fees for this RAC but no loan interest is charged as in a RAL. The individual also has the option of bypassing the bank and have the tax refund check sent from the IRS directly to the home or bank account; however, the wait is also 2-4 weeks.

10. A tax refund is normally generated when an individual withholds income greater than the amount of tax due. Credits and government subsidy programs can also increase the amount refunded. All of the tax returns filed in this scheme claimed withholdings, while 92.5% claimed the EIC and 84.5% claimed the CTC. The refunded amounts were based on false Forms W-2 provided when the tax returns were prepared and are fraudulent since the individual did not work or earn income from the employer that year.

11. The following information is based on my personal observations and review of various tax records of the IRS, review of records and discussions with various tax return preparers, review of information by Criminal Intelligence personnel at the FDC, records maintained by the IRS and other federal and state government agencies.

5

12. As described more fully in this affidavit for a complaint, there is probable cause to believe that the defendant executed and participated in a scheme to prepare and file fraudulent federal income tax returns with the IRS based mainly on false and fictitious Form W-2 in order to receive tax refunds to which they are not entitled.

13. At this stage of the investigation, this scheme appeared to be broad in scope and covered a large geographical area. It is therefore likely that the assistance of other people was required, since various addresses utilized are spread over the Fresno and Bay areas.

14. WAQUILLA NICOLE BROWN (DOB: 08/09/1977), 1481 8th Street, Oakland, California 94607, filed an electronic income tax return, claiming tax refunds based on Form W-2 presented when the tax return was prepared. The IRS has positively verified the name and respective social security number for BROWN. In addition, representatives from the tax preparation agency disclosed that each individual was required to provide photo identification in order to file the return electronically. Therefore, it is believed BROWN applied for and received or attempted to receive a false tax refund as noted.

15. IRS and Jackson Hewitt records show that on or about February 4, 2006 WAQUILLA NICOLE BROWN filed a false 2005 Federal Income Tax return electronically from the Jackson Hewitt office, located at 1 Southland Mall, Ste 401, Hayward, CA 94545. Once there, BROWN provided a Form W-2 which was used to prepare BROWN's 2005 Federal Income Tax Return. The Form W-2 stated BROWN worked at Palkar Inc. in 2005, earning wages of $18,856. The tax return was filed at the IRS Service Center in Fresno, California, with a filing status as head of household with two dependents and claimed a refund of $6,644. IRS records show BROWN was paid a refund of $6,644 on or about February 17, 2006. Palkar Inc. was contacted and confirmed that BROWN did not work for the company in 2005 and the Form W-2 was false as to the employer and the amount of wages and withholdings.

16. BROWN applied for and obtained a Refund Anticipation Loan on or about February 5, 2006 for $1,748 from Santa Barbara Bank & Trust. The amount consisted of an initial loan amount of $1,900 minus bank fees of $102 & tax preparation fees of $50.

17. IRS and Liberty Tax Service records show that on or about January 19, 2007, BROWN filed a false 2006 Federal Income Tax return electronically from the Liberty Tax Service office, located at 16386 East 14th Street, San Leandro, CA 94577. Once there, BROWN provided a CIC and a Form W-2 which was used to prepare BROWN's 2006 Federal Income Tax Return. The Form W-2 stated BROWN worked at Adecco USA Inc. in 2006, earning wages of $18,465. The tax return was filed at the IRS Service Center in Fresno, California, with a filing status as head of household with two dependents and claimed a refund of $6,894. IRS records show the payment of her refund was stopped. Adecco USA Inc. was contacted and confirmed that BROWN did not work for the company in 2006 and the Form W-2 was false as to the employer and the amount of wages and withholdings.

18. BROWN applied for and obtained a Refund Anticipation Loan of $6,462.05 on or about January 19, 2007 and January 21, 2007 from Santa Barbara Bank & Trust. The amount consisted of an initial loan amount of $6,894 minus bank fees of $175.95 and tax preparation fees of $256.

19. On May 22, 2007, BROWN talked with IRS Special Agents at a residence located at 14879 Saturn Drive, San Leandro, California. BROWN provided a California identification card as identificiation. When shown the copies of her 2005 and 2006 tax returns, BROWN denied filing the returns. BROWN also denied receiving a 2006 RAL check when shown the copy. IRS Special Agents pointed out the signature on the RAL Check matched the signature on BROWN's California identification card. They also reminded her that it was unlawful to lie to Federal Agents. BROWN then admitted the signature on the check was hers. BROWN also admitted she did not work for the companies listed on the 2005 and 2006 Form W-2. In a post-

mirandized statement, BROWN identified both of her signatures on the 2005 and 2006 Form 8879 and on the RAL checks for each year. BROWN also stated she knew the 2005 Form W-2 was false when she filed the return. For 2006, BROWN stated she never saw the Form W-2 since it was sealed in an envelope when she received it. She admitted taking the envelope to the tax preparation office in order to have her 2006 tax return prepared.

20. Based upon my training and experience, and on the facts set forth in this Affidavit, I believe there is probable cause to arrest WAQUILLA NICOLE BROWN in violation of Title 18, United States Code, Section 287 (False Claims to the United States).

PAUL MIRAMONTES
Special Agent
United States Treasury
Internal Revenue Service

Subscribed and sworn to before me this 23 day of May, 2007.

UNITED STATES MAGISTRATE JUDGE

8